IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TODD LEVON,                          )
       Petitioner,              )
       v.                       )    C.A. No. 08-318 Erie
                                     )
WARDEN FRANCISCO QUINTANA, et al.,   )
       Respondents.             )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is recommended that Petitioner's Motions for Preliminary Injunction [part of Document # 25, and Document ## 26 and 27] be denied.

**II.    REPORT**

Petitioner Todd Levon, an inmate at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean"), has filed three successive documents docketed as motions for preliminary injunction (part of Document # 25 and Document ## 26 and 27], all of which seek an Order requiring Respondents to: (i) immediately place him in the Residential Drug Abuse Program ("RDAP"); (ii) to shorten the class term to provide for a graduation date no later than September 30, 2009 ; and (iii) consider him, "in good faith, for 12-months halfway house placement, under the Second Chance Act §§ 231(a)(2)(A) & 251(a)(c)(1), 18 U.S.C. § 3624(c)(1); and a one-year sentence reduction for successfully graduating from the RDAP, under 18 U.S.C. 3621(e)(2)(B), a total of 24-months of incentives." (Document # 25 at p. 5; Document # 27 at p. 2). Petitioner contends that he must be immediately placed in RDAP to allow him to complete the program in time to take full advantage of said congressional incentives. Otherwise, Petitioner claims he will suffer irreparable injury.

To obtain a preliminary injunction, the District Court must consider: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the

extent of harm to the movant; and (4) the effect on public interest. Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The preliminary injunction remedy "must be reserved for extraordinary circumstances...." Hoxworth v. Blinder, Robinson & Co. Inc., 903 F.2d 186, 189 (3d Cir. 1990). If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

Irreparable injury is established by showing that Petitioner will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Petitioner bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848 (1989). In fact, Petitioner must show immediate irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa. 1995). An injunction is not issued "simply to eliminate a possibility of a remote future injury...." Acierno, 40 F.3d at 655 (citation omitted).

Under the foregoing standards, Petitioner has failed to meet his burden of showing immediate irreparable injury. In particular, the "congressional incentives" to which Petitioner claims entitlement are, in fact, indeterminate and speculative at this juncture. Petitioner simply presumes that he will receive a full one-year sentence reduction upon his completion of RDAP, as well as a 12-month placement in a halfway house under the recently-enacted Second Chance

2

Act; however, neither of these incentives is assured. Specifically, 18 U.S.C. § 3621(e)(2)(B) provides:

> **(2) Incentive for prisoner's successful completion of treatment program –**
>
> \*          \*          \*
>
> (B) **Period of custody.**– The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program **may be reduced** by the Bureau of Prisons, but such reduction **may not be more than one year** from the term the prisoner must otherwise serve.

(Emphasis added). The plain language of the foregoing statute indicates that any reduction in sentence resulting from completion of a treatment program, such as RDAP, is purely discretionary and may be for any period of time, up to a maximum of one year.

Similarly, the Second Chance Act, which was enacted by Congress on April 9, 2008, provides, in pertinent part:

> **§ 3624. Release of a prisoner**
>
> \*          \*          \*
>
> **(c) Prerelease custody.--**
>
> **(1) In general**.– The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends **a portion of the final months of that term (not to exceed 12 months)**, under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions **may** include a community correctional facility.

18 U.S.C. § 3624(c)(1)(emphasis added). Again, the plain language of the foregoing Act gives the Bureau of Prisons discretion to determine whether a prisoner is released to a community correctional facility (otherwise known as a "halfway house") and, if so, for how many months.

Thus, contrary to Petitioner's presumption that he is entitled to receive a total of 24 months of the "incentives" offered by the foregoing statutes, after completion of RDAP, it is more accurate to state that Petitioner may receive a total of anywhere from 1 to 24 months of such incentives after he completes the treatment program. In fact, with specific regard to the

3

early release benefits offered by 18 U.S.C. § 3621, Beth Weinman, the BOP's National Drug Abuse Programs Coordinator, declares that such "early release benefits average approximately 7.7 months as opposed to 12 months." (See Weinman Declaration attached as Document 4 to Respondents' Response to Habeas Petition, Document # 24). Thus, Petitioner cannot state with any assurance that he will suffer any irreparable injury if he does not complete the RDAP before there are 24 months remaining on his sentence. Any such injury is neither immediate nor sufficiently foreseeable to warrant the issuance of a preliminary injunction.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Petitioner's Motions for Preliminary Injunction [part of Document # 25 and Document ## 26 and 27] be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. Failure to file timely objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief U.S. Magistrate Judge

Date:    April 8, 2009

The Honorable Sean J. McLaughlin
United States District Judge