IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TODD LEVON,                              )
      Petitioner,                        )
v.                                       )     C.A. No. 08-318 Erie
                                         )
WARDEN FRANCISCO QUINTANA, et al.,       )
      Respondents.                       )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is recommended that Petitioner's Motion for Preliminary Injunction [Document # 31] be denied.

**II.    REPORT**

Petitioner Todd Levon, an inmate at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean"), has filed a motion for preliminary injunction [Document # 31], indicating that he has been placed in FCI-McKean's Residential Drug Abuse Program ("RDAP"), beginning April 22, 2009, and seeking an order to shorten the class term to six months to allow him to obtain the maximum amount of halfway house placement, upon completion of the shortened RDAP program. Otherwise, Petitioner claims he will suffer irreparable injury.

To obtain a preliminary injunction, the District Court must consider: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the extent of harm to the movant; and (4) the effect on public interest. Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The preliminary injunction remedy "must be reserved for extraordinary circumstances...." Hoxworth v. Blinder, Robinson & Co. Inc., 903 F.2d 186, 189 (3d Cir. 1990). If the record does not support a finding of both irreparable injury

and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

Irreparable injury is established by showing that Petitioner will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Petitioner bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848 (1989). In fact, Petitioner must show immediate irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa. 1995). An injunction is not issued "simply to eliminate a possibility of a remote future injury...." Acierno, 40 F.3d at 655 (citation omitted).

Under the foregoing standards, Petitioner has failed to meet his burden of showing immediate irreparable injury. In support of his claim that he will suffer irreparable harm if his request for a shortened RDAP program is denied, Plaintiff cites a new Program Statement that became effective on March 16, 2009, which allegedly recommends that the warden "approve inmates who successfully complete the RDAP for maximum amount of halfway house placement." (Document # 31 at p. 1). This argument presupposes that Plaintiff would successfully complete the RDAP in a shortened time frame, and further presumes that the warden will follow the "recommendation" set forth in the newly enacted Program Statement. In reality, however, these issues are indeterminate and speculative at this juncture. Thus, Petitioner cannot state with any assurance that he will suffer any irreparable injury if he is not allowed to

complete the RDAP within six months. Any such injury is neither immediate nor sufficiently foreseeable to warrant the issuance of a preliminary injunction.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Petitioner's Motion for Preliminary Injunction [Document # 31] be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. Failure to file timely objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
Chief U.S. Magistrate Judge

Date: April 27, 2009

The Honorable Sean J. McLaughlin
United States District Judge