# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD LEVON, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 08-318 Erie |
| v. ) | |
| ) | |
| WARDEN FRANCISCO QUINTANA, ) | |
| et al., ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM ORDER

This petition for writ of habeas corpus was received by the Clerk of Court on November 17, 2008 and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

Petitioner, an inmate at the Federal Correctional Institution at McKean in Bradford, Pennsylvania, has filed three documents presently pending before the Court which are in the nature of motions seeking preliminary injunctive relief. The first document, filed on February 18, 2009, is appended to Document 25, "Plaintiff's Reply to Defendant's [sic] Response to Petitioner for Writ of Habeas Corpus," and is styled "Emergency Motion for Judgment on Motion for Preliminary Injunction Pursuant to Federal Civil Rule 65(a)(1)." The second document, filed on March 12, 2009, is styled as a "Notice" [26], and is docketed as a "MOTION for Judgment for preliminary injunction and grant the Pltf RDAP placement in the April 2009 class." The third document, filed on March 24, 2009, is styled, "Motion for this Court to Sign the Enclosed Preliminary Injunction Order," and is docketed as a "Motion for Preliminary Injunction" [27]. Each of the foregoing motions concern the Petitioner's desire to achieve a prompt placement in the Residential Drug Abuse Program ("RDAP") and his request that the classes be shortened so as to allow for a graduation date no later than September 30, 2009, thus allowing him to be considered for the full 24-months of incentives available pursuant to 18 U.S.C. §§ 3624(c)(1) and 3621(e)(2)(B).

We begin with an examination of the relevant statutes. Title 18, U.S.C. § 3621(b) addresses the placement of inmates committed to the custody of the Federal Bureau of Prisons and states, in part, that the Bureau "shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." !8 U.S.C. § 3621(b). The statute further provides an incentive to inmates who successfully complete such treatment programs, as set forth in subsection (e)(2):

> **(e) Substance abuse treatment.--**
>
> **(2) Incentive for prisoners' successful completion of treatment program.--**
>
> > **(A) Generally.–** Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. If the conditions of confinement are different from those the prisoner would have experienced absent the successful completion of the treatment, the Bureau shall periodically test the prisoner for substance abuse and discontinue such conditions on determining that substance abuse has recurred.
> >
> > **(B) Period of custody.–** The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(A) & (B). Thus, under these provisions, an inmate's successful completion of a RDAP program can result in the discretionary reduction of his sentence by as much as one year.

Section 3624 of Title 18, commonly known as the Second Chance Act, addresses various aspects of a prisoner's release from BOP custody, including pre-release custody. In pertinent part, the statute provides:

> **(c) Prerelease custody.--**
>
> > **(1) In general.–** The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of

> that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). Thus, under § 3624(c)(1), an inmate can serve up to 12 months of his sentence in prerelease custody, such as a community correctional facility.

According to the Respondents, Petitioner was placed in FCI McKean's RDAP as of March 30, 2009. According to Petitioner, however, the class did not begin until April 30, 2009 and it consists of half-day programming lasting some 10 and ½ months, meaning that Petitioner will not be able to successfully complete the program before March of 2010.

The present quandary arises because Petitioner's projected release date is September 30, 2011. Petitioner claims that, in order to remain eligible for the full 12-month sentence reduction under §3621(e)(2)(B) and up to 12 months in a pre-release setting under § 3624(c)(1), he must be able to complete the RDAP on or before September 30, 2009.

To that end, Petitioner has argued that the BOP violated his rights by failing to place him in the RDAP sooner, by implementing and offering additional classes, if necessary. As matters presently stand, Petitioner argues, he will have only 18 months remaining on his sentence on the date that he completes the RDAP, and thus, will be eligible only for up to 18 months of Congressional incentives. Petitioner thus requests injunctive relief in the form of an order directing the Respondents to: (1) shorten his RDAP classes to a 6-month long course with full-day programming, with a graduation date of approximately October 22, 2009; and (2) consider him for the total possible Congressional incentives. Petitioner further requests an order terminating his term of supervised release in light of the "permanent injury" that he has suffered.

Following a telephonic hearing held on March 26, 2009 [29], the Magistrate Judge entered a Report and Recommendation dated April 8, 2009 [30], which recommends that the Petitioner's motions for a preliminary injunction be denied. Her R&R notes that, to obtain a preliminary injunction, courts are to consider: (1) the

likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the extent of harm to the movant; and (4) the effect on public interest. *Clean Ocean Action v. York*, 57 F.3d 328, 331 (3d Cir. 1995); *Opticians Ass'n of America v. Independent Opticians of America*, 920 F.2d 187, 191-92 (3d Cir. 1990). No preliminary injunction may issue unless the record supports a finding of both irreparable injury and a likelihood of success on the merits. *Marxe v. Jackson*, 833 F.2d 1121 (3d Cir. 1987). The Magistrate Judge opined that, under the applicable legal standards, the Petitioner had not shown immediate irreparable injury in that his ability to benefit from the particular Congressional incentives at issue are indeterminate and speculative at this juncture. Thus, the Magistrate Judge concluded that Petitioner could not state with any assurance that he will suffer any irreparable injury if he does not complete the RDAP before September 30, 2009. *See, e.g., Dice v. Clinicorp, Inc.* 887 F. Supp. 803, 809 (W.D. Pa. 1995) ("the claimed injury cannot merely be possible, speculative or remote"). *See also Acierno v. New Castle County*, 40 F.3d 645, 655 (3d Cir. 1994) (injunctions are not issued "simply to eliminate a possibility of a remote future injury").

The parties were allowed ten (10) days from the date of service in which to file objections. Petitioner filed his objections [33] on April 17, 2009, and the Respondents' response [39] to the objections was filed on April 28, 2009. Petitioner then filed a document styled, "Plaintiff's Reply to Respondents' Response to Petitioner's Objections to Magistrate Judge's Report and Recommendation" [41].

Petitioner acknowledges, as he must, that he possesses no constitutionally protected liberty interest in receiving the incentives offered under either § 3621(e)(2)(B) or § 3624(c)(1). *See Royal v. Scibana*, 309 Fed. Appx. 284, 286, 2009 WL 247834 at **2 (10th Cir. Feb. 3, 2009) ("We have held that a prisoner does not possess a constitutional right to a reduction of a valid sentence, and that § 3621(e)(2)(B) does not confer upon a prisoner a constitutionally-protected liberty interest.") (citing *Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir.1998)); *Woodard v. Compton*, 531 F. Supp. 2d

1228, 1233 (C.D. Cal. 2008) ("RDAP 'does not create a liberty interest in sentence reduction'") (citation omitted); *Kotz v. Lappin*, 515 F. Supp. 2d 143, 149-50 (D.D.C. 2007) (inmate had no constitutionally protected liberty interest in participating in RDAP and receiving a reduced sentence); *Robinson v. Gonzales*, 493 F. Supp. 2d 758, 763 (D. Maryland 2007) ("Where, as here, there is no protected liberty interest in discretionary early release for completing the RDAP program, there is no constitutional claim for denial of due process."); *Gambino v. Gerlinski*, 96 F. Supp. 2d 456, 459-60 (M.D. Pa. 2000) (respondents' refusal to bestow upon inmate any benefit under § 3624(c) did not constitute a violation of inmate's due process rights, nor did statute create any liberty interest guaranteeing any particular form of pre-release custody) (citing authority), *aff'd*, 216 F.3d 1075 (3d Cir. 2000) (Table No. 00-3339); *Lyle v. Sivley*, 805 F. Supp. 755, 760 (D. Ariz.1992) ("The Court therefore concludes that section 3624(c) does not create a protected liberty interest. This conclusion is buttressed by the fact that every other federal court to have addressed the question has reached the same result,")(citing cases).

Nevertheless, Petitioner insists that he has "a constitutional Due Process and statutory rights, [sic] to be **CONSIDERED** for the total 24-months of said incentives, for successfully completing the RDAP, meaning a **CHANCE** to receive the incentives or benefits." (Pet.'s Objections [33] at p. 2.) In other words, Petitioner insists that he has a constitutionally protected and/or statutorily enforceable right to be placed in the RDAP such that, at its conclusion, he will remain eligible for the full 24-months worth of incentives available under §§ 3621(e)(2)(B) and 3624(c)(1).

To my knowledge, no court has so held and the Petitioner does not cite any authority to buttress his position, other than the statutes themselves. Notably, § 3621(b) requires the BOP to make substance abuse treatment available for each prisoner determined by the Bureau to have a treatable condition, *see* § 3621(b), but it affords the BOP complete discretion in determining the conditions under which an inmate who successfully completes the RDAP shall be confined. *See* § 3621(e)(2)(A).

Subsection (B) provides that prisoners convicted of nonviolent offenses "may" have their terms of custody reduced for a period of up to one year upon their successful completion of a treatment program, but such reduction is in no way guaranteed or mandated by the statute. *See* § 3621(e)(2)(B).

Similarly, § 3624 directs that the Director of the BOP "shall, *to the extent practicable*, ensure" that federal prisoners spend *"a portion of the final months of [their] term[s]* (not to exceed 12 months)" under conditions that will provide a reasonable opportunity to adjust to and prepare for their re-entry into the community. § 3624(c)(1) (emphasis added). Nothing in the statute guarantees that a prisoner will spend a full 12 months in a pre-release setting, nor does it guarantee that any particular form of pre-release custody will be provided.

Habeas corpus relief is available under 28 U.S.C. § 2241 only when a prisoner demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). To establish a due process violation, a federal prisoner must show deprivation of a liberty or property interest protected under the Fifth Amendment without due process of law. *Robinson*, 493 F. Supp. 2d at 763. "In order for a statute to confer a liberty interest it must be 'explicitly mandatory' and provide for 'specified substantive predicates' which dictate a substantive result." *Gambino*, 96 F. Supp. 2d at 459 (citations omitted). "A statute which expresses non-binding procedural guidelines alone does not create a protectable interest." *Id*. (citations omitted).

Here, Petitioner is essentially claiming the right to placement in a particular RDAP class and/or a restructuring of that class, such that, upon its conclusion, he will remain eligible for the full extent of incentives offered under §§ 3621(e)(2)(B) and 3624(c)(1). I am aware of no case holding that these statutes create a constitutionally protected interest of the sort Petitioner is asserting. Neither of the statutes at issue here contain any explicit mandate that the BOP manage its prisoner population and programs so as to guarantee that non-violent offenders with a treatable substance

abuse problem retain eligibility for the maximum 24-months worth of incentives allowed by §§ 3621(e)(2)(B) and 3624(c)(1). On the contrary, both the language of the statutes and the existing case law suggest that the incentives afforded under these statutes are purely discretionary. *See Kotz*, 515 F. Supp. 2d at 149-50 ("Indeed, prison officials are vested with substantial discretion to set the terms of conditions of rehabilitative programs, and this discretionary function undercuts the plaintiff's argument that he has a protectable liberty interest."). Moreover, insofar as the § 3624(c)(1) incentive is concerned, the timing of Petitioner's placement in FCI McKean's RDAP program has no created no discernable adverse effect, as Petitioner will have more than 12 months left on his sentence upon completion of the RDAP program. Because Petitioner has not demonstrated the likelihood that his claim will succeed on the merits, injunctive relief must be denied.

Thus, after de novo review of the petition and documents in the case, together with the Report and Recommendation and Petitioner's objections thereto, the following order is entered:

AND NOW, this 8th day of July, 2009;

IT IS ORDERED that the Petitioner's motions styled "Emergency Motion for Judgment on Motion for Preliminary Injunction Pursuant to Federal Civil Rule 65(a)(1)" (part of Doc. [25]), "Notice" [26], and "Motion for this Court to Sign the Enclosed Preliminary Injunction Order" [27], be and hereby are, DENIED.

The Report and Recommendation of Magistrate Judge Baxter, filed on April 8, 2009 [30], and modified as set forth herein, is adopted as the opinion of the Court.

s/ Sean J. McLaughlin

Sean J. McLaughlin
United States District Judge

cm: All parties of record
Susan Paradise Baxter, U.S. Magistrate Judge