IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| TODD LEVON, | ) | |
|---|---|---|
| | ) | Civil Action No. 08-318E |
| Petitioner, | ) | |
| | ) | District Judge Sean J. McLaughlin |
| v. | ) | Magistrate Judge Susan Paradise Baxter |
| | ) | |
| JOHN YOST, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.    RECOMMENDATION

It is respectfully recommended that the instant Petition for Writ of Habeas Corpus be dismissed as moot.

II.   REPORT

Petitioner, Todd Levon, a federal prisoner formerly incarcerated at the Federal Correctional Institution at McLean located in Bradford, Pennsylvania, filed the instant petition for writ of habeas corpus seeking early release to a Residential Re-Entry Center (RRC) for twelve months (instead of six months) immediately upon completing the Residential Drug Abuse Program (RDAP). By way of background, on November 4, 2003, Levon was sentenced in the United States District Court for the Eastern District of Michigan to a custodial term of 120 months, to be followed by eight (8) years of supervised release, for violating 21 U.S.C. § 846 (conspiracy to manufacture marijuana). As of the date of the response (October 20, 2009), Levon's projected release date was October 23, 2011.[1]

---

1. The Court notes, however, that Levon's current projected release date according to the BOP website is January 19, 2012.

The record in this action reveals the following facts. Levon was confined at FCI McKean in Bradford, Pennsylvania, from June 12, 2008 to October 1, 2009. While confined at FCI McKean, Levon was a participant in the BOP's Residential Drug Abuse Program (RDAP). As an RDAP participant, Levon was eligible for a potential one-year sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). In view of that fact, and because the BOP currently evaluates inmates for RRC placement 17-19 months in advance of their projected release dates, Levon was considered for RRC placement by his Unit Team at FCI McKean during a Program Review on June 17, 2009. At that time, the Unit Team recommended a placement of six (6) months because, among other reasons, Levon owns three properties and intends to reside after release with either his father or his fiancé. Also, Levon is a certified paralegal and plans to seek employment in the legal profession in that capacity upon release. Thus, BOP determined that six months was an adequate amount of time.

In this Petition, Petitioner is challenging BOP's June 17, 2009 early release decision recommending him for a placement of only six months instead of twelve months. Unfortunately for him, Petitioner was expelled from the RDAP on September 30, 2009 pursuant to 28 C.F.R. § 550.53(g)(3), after a Discipline Hearing Officer (DHO) found that he had committed the prohibited act of Refusing a Breathalyzer, Code 223 and he subsequently was transferred to FCI Ft. Dix on October 13, 2009. Consequently, Petitioner is no longer eligible for the recommended six month RRC placement dated June 17, 2009. Accordingly, his Petition is moot.

In this regard, when a prisoner is challenging the Bureau's execution of his sentence pursuant to a petition for writ of habeas corpus, the petition generally becomes moot if the prisoner completes his term of imprisonment before the habeas proceedings have concluded. *See* Spencer v. Kemna, 523 U.S. 1, 7-8 (1998); Lane v. Williams, 455 U.S. 624, 631-34 (1982); Burkey v. Marberry, 556

F.3d 142, 147-48 (3d Cir.), *cert. denied*, ___ U.S. ___, 130 S. Ct. 458 (2009). This rule stems from the well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. Spencer, 523 U.S. at 7; Burkey, 556 F.3d at 147. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id*. (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)). Thus, if developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Burkey, 556 F.3d at 147 (citing Spencer, 523 U.S. at 7).

When the injury that a complaining party seeks to remedy through litigation is no longer existent, there still may be a case or controversy before the court if there is: (1) a collateral injury; (2) that is "likely" to be redressed by the court's decision. *See, e.g.*, Spencer, 523 U.S. at 7-8 (quoting Lewis, 464 U.S. at 477); Burkey, 556 F.3d at 147-51. Courts often will presume that a wrongful conviction has collateral consequences that likely can be remedied by a favorable decision from a habeas court. *Id*. However, in cases such as the instant case, where a petitioner is challenging the execution of his sentence and not the lawfulness of his underlying conviction, the petitioner has the burden of demonstrating that he has sustained a collateral injury that can be effectively remedied by the court in order to avoid having his case dismissed on mootness grounds. *Id*.; Burkey, 556 F.3d at 148 ("Where ... the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven.").

Because Petitioner no longer is eligible for the six month early release decision, the relief he sought in his petition is no longer of consequence to him; he no longer has the requisite "personal

stake" in the outcome of the litigation. Spencer, 523 U.S. at 7. Accordingly, there is no case or controversy for this Court to consider, and the Petition should be dismissed as moot.[2]

### III.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as moot.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections may constitute a waiver of that party's appellate rights.

                                                  /s/ Susan Paradise Baxter
                                                  Susan Paradise Baxter
                                                  United States Magistrate Judge

Date:    January 5, 2011

cc:    Todd Levon
      29846-039
      F.C.I. Fort Dix
      P.O. Box 2000
      Fort Dix, NJ 08640

---

2. The Court further notes that on December 28, 2009, Petitioner filed a similar action in the United States District Court for the District of New Jersey where he is raising claims regarding BOP's current eligibility recommendation for his early release, which is dated March 31, 2010. *See* Levon v. Zickefoose, Civil No. 1:09-6515 (D.N.J.).